**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

SONE LUANGLATH,[1]

Petitioner

v.

TODD BLANCHE, et al.,

Respondents

Case No.: 2:26-cv-03317-APG-EJY

**Order Granting First Amended Petition for Writ of Habeas Corpus**

[ECF No. 10]

Sone Luanglath is a citizen of Laos who had a final removal order entered against him in 1998. ECF No. 10-1 at 2-3. He nevertheless has not been removed from the country since then, despite being in the custody of Immigration and Customs Enforcement (ICE) or its predecessor several times. *Id.* at 3. ICE most recently took Luanglath into custody on July 21, 2026. *Id.* He has remained detained since. ECF Nos. 11; 13.

Luanglath filed an uncounseled petition for writ of habeas corpus on October 9, 2026. ECF No. 1. On October 13, Judge Boulware ordered that he not be removed from the district and directed the respondents to produce various records and to show cause for Luanglath's detention. ECF No. 3.

The respondents asserted that Luanglath had been transferred away from Nevada on October 6 and was removed from the United States to Laos on October 12. ECF No. 6 at 1-2. As proof, the respondents attached a Laissez-Passer for Using as a Passport dated September 25, 2026, and a Record of Persons Transferred that was redacted so that it cannot be determined who

[1] The petitioner's name is spelled incorrectly in the case caption, so I direct the clerk of court to correct it.

was transferred to the staging facility in Florence, Arizona. ECF No. 6-1 at 12-13. It produced no evidence that Luanglath had been removed to Laos.

Luanglath thereafter filed a counseled amended petition asserting three grounds for relief. ECF No. 10. His counsel supplemented the petition on November 9, stating that although the respondents represented that Luanglath had been removed to Laos on October 12, counsel had met with him at Nevada Southern Detention Center (NSDC) on October 30 and received confirmation as of November 9 that Luanglath was still at NSDC. ECF No. 11 at 1. That same day, the respondents filed their response to the petition, again asserting that Luanglath had been removed to Laos. ECF No. 12. They provided no additional proof that Luanglath had been removed. Nor did they respond substantively to any of the arguments in his petition beyond asserting that he was mandatorily detained under 8 U.S.C. §§ 1231(a)(2) and (5) due to the reinstated removal order and that he was removed to Laos so his petition is moot.

On November 13, Luanglath filed his reply, noting that the respondents failed to respond to the arguments in his petition. Luanglath's counsel asserted that she emailed the respondents' counsel on November 9 to inform him that Luanglath had not been removed to Laos because he was still at NSDC. ECF No. 13 at 2. She asserted that she did not receive a response to that email and instead, the respondents filed the response that relied on the argument that Luanglath had been removed to Laos. Counsel stated that she met with Luanglath at NSDC again on November 10. *Id.* at 2. Luanglath confirmed to counsel that he has been at NSDC since his July 2026 arrest. *Id.*

The federal respondents have not substantively responded to Luanglath's contentions regarding the length of his detention, the likelihood of his removal in the foreseeable future, or

ICE's alleged failure to follow its own regulations. The federal respondents thus have conceded these issues. LR 7-2(d). Accordingly, I grant Luanglath's petition and order his release.

I THEREFORE ORDER the clerk of court to correct the petitioner's name to Sone Luanglath.

I FURTHER ORDER respondent John Mattos to release petitioner Sone Luanglath from the custody of Nevada Southern Detention Center no later than 1:00 p.m. on Tuesday, November 17, 2026. The respondents must transport Luanglath to 501 Las Vegas Blvd. South, Las Vegas, Nevada by 5:00 p.m. PST the same day he is released. The respondents must advise Luanglath's counsel of the estimated time of release for coordination purposes at least one hour before he is released.

I FURTHER ORDER that Luanglath is released on the conditions set out in his already imposed order of supervision.

I FURTHER ORDER the respondents to return all of Luanglath's personal property to him upon his release.

I FURTHER ORDER that the respondents are enjoined from re-detaining Luanglath in the future absent compliance with its own regulations and a change in circumstances that makes his removal significantly likely in the reasonably foreseeable future.

I FURTHER ORDER that the respondents are enjoined from removing Luanglath to a third country without providing him and his counsel with adequate notice of their intent to seek removal to a third country and due process in the form of an opportunity to seek to reopen his immigration court proceedings to seek fear-based relief from removal.

/ / / /

/ / / /

I FURTHER ORDER the clerk of court to close this case.

DATED this 16th day of October, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE